99 F.3d 1160
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Donald R. SEARCY, Petitioner,
v.
GENERAL SERVICES ADMINISTRATION, Respondent.
 No. 96-3261.
 United States Court of Appeals, Federal Circuit.
 Oct. 23, 1996.
 
 Before NEWMAN, PLAGER, and RADER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Petitioner Donald R. Searcy was removed from his position as a maintenance mechanic with the General Services Administration ("GSA" or "agency") due to his misuse of a government owned vehicle ("GOV") on numerous occasions in violation of 31 U.S.C. § 1349, 5 C.F.R. § 2635.704, and provisions in the agency's handbook. The Merit Systems Protection Board ("MSPB" or "Board") sustained the GSA's decision to remove him. Because the Board's findings and conclusions are supported by substantial evidence, we affirm.
 
 DISCUSSION
 
 2
 The Board found that Mr. Searcy had willfully misused a government owned vehicle on four separate occasions. In order for an action to constitute a willful use for a nonofficial purpose within the meaning of 31 U.S.C. § 1349, an employee must have had actual knowledge that the use would be characterized as nonofficial or have acted in reckless disregard as to whether the use was for nonofficial purposes. Kimm v. Department of Treasury, 61 F.3d 888, 891-92 (Fed.Cir.1995); Felton v. Equal Employment Opportunity Comm'n, 820 F.2d 391, 393-94 (Fed.Cir.1987). The Board found that Mr. Searcy had been briefed and repeatedly notified that government owned vehicles were to be used only for official government business. In addition, the Board found that his supervisor had informed him that the typical use of a GOV by a maintenance mechanic in Mr. Searcy's position was to drive to a particular town to pick-up equipment and supplies. Mr. Searcy did not dispute that he had used a government owned vehicle to go to a bar to drink, to transport women for personal reasons, and to cross the Canadian border without reporting to a Customs inspector. Thus, the decision of the Board was not arbitrary, capricious, an abuse of discretion, or unlawful; procedurally deficient; or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1994).